1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHARLES FORDJOUR,                          1:08-cv-01143-OWW-SMS (HC)

               Petitioner,      FINDINGS AND RECOMMENDATION
                        RECOMMENDING DISMISSAL OF
   v.                                      PETITION FOR WRIT OF HABEAS CORPUS
                        AS DUPLICATIVE

DIRECTOR ROBERT MUELLER, III, et.al.,     [Doc. 1]

               Respondents.
_____/

     Petitioner appears to be a California pretrial detainee incarcerated at the Kings County

Jail in Hanford, California, and is proceeding pro se, with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.

     On August 1, 2008, the instant petition for writ of habeas corpus was transferred to this

Court from the United States District Court for the Northern District of California.  (Court Doc.

4.)  After a review of the instant petition and the Court's docket of Petitioner's prior petitions,

this action must be dismissed as duplicative.

     A district court may dismiss a petition as duplicative after the weighing the equities of the

case.  Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  In

determining whether a second action is duplicative of a prior action, the court should examine

whether the causes of action and relief sought, as well as the parties or privies to the action, are

the same.  Adams, 487 F.3d at 689.  An identical cause of action is determined by the transaction

test, derived from the concept of claim preclusion.  Id.  The court must also determine whether

1

1  the defendants are the same or in privity.  Privity includes relationship that fall under the title of

2  "virtual representation."  <u>Kourtis v. Cameron</u>, 419 F.3d 989, 996 (9th Cir. 2005).

3      A plaintiff must bring one action against a party or privies relating to the same transaction

4  or event.  <u>Adams</u>, 487 F.3d at 693.  A court has the power to dismiss a duplicative action with

5  prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating

6  piecemeal the issue which could have been resolved in one action."  <u>Adams</u>, 487 F.3d at 694.

7      On June 23, 2008, Petitioner filed a petition for writ of habeas corpus in this Court, in

8  case number 1:08-cv-00885-OWW-WMW (HC).  After reviewing the instant petition and the

9  petition in case number 1:08-cv-00885-OWW-WMW (HC), it is clear that the claims arise from

10  the same incident, raises the same claim, and seeks the same relief, as the previous petition which

11  is currently pending in this Court. Indeed, both petitions challenge his current and ongoing pre-

12  trial detention in the Kings County Jail arising from actions taken during April of 2008.[1]

13  Because the allegations in the instant petition raise the same claim(s) and is based upon the same

14  set of operative facts as the pending petition, it must be dismissed as duplicative.

15                          <u>RECOMMENDATION</u>

16      Based on the foregoing, it is HEREBY RECOMMENDED that the instant Petition for

17  Writ of Habeas Corpus is DISMISSED as duplicative, and all pending motions are denied, as

18  moot.

19      This Findings and Recommendation is submitted to the assigned United States District

20  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

21  the Local Rules of Practice for the United States District Court, Eastern District of California.

22  Within thirty (30) days after being served with a copy, any party may file written objections with

23  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

24  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

25  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

26  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

27

28      [1] In case number 1:08-cv-00885-OWW-WMW (HC), on July 16, 2008, the Court ordered Respondent to file a response to the petition within sixty (60) days from the date of service of that order.

2

636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 3, 2008**          _____/s/ Sandra M. Snyder_____
                                     UNITED STATES MAGISTRATE JUDGE